The 4th District Appellate Court of the State of Illinois has now convened. The Honorable Robert J. Steigman presiding. Thank you, Mr. Bailiff. Good afternoon, counsel. Excuse me, first case of the afternoon is 4-24-0471. People v. Richard A. Schoon, Jr. I ask counsel for the appellant, please state your name. Alice Grigsby with the Office of the State Appellate Defender. Thank you. Counsel for the appellate, please state your name. Jessica Theodoratos for the State of Illinois. Thank you, counsel. I'll do my best if it comes up to pronounce your name correctly, and if I don't, please let me know. The appellant will be allotted 20 minutes for oral argument, the appellate 20, and then a 5-minute rebuttal by the appellant. So with that, Ms. Grigsby, you may proceed. Thank you. May it please the court, counsel. My name is Alice Grigsby with the Office of the State Appellate Defender, and I am representing Mr. Richard Schoon today in asking this court to reverse the trial court's denial of his motion to withdraw guilty plea, or in the alternative, to remand his case for new post-plea proceedings. The core issues that I intend to discuss today relate to the assistance of counsel that Mr. Schoon received from the outset of his plea proceedings through his post-plea proceedings. My argument today will therefore focus on Issue 2, argued in the opening brief, as it relates to plea counsel's ineffectiveness, and Argument 3 of the opening brief, as it relates to post-plea counsel's duties under Rule 604D. If the court does, however, have specific questions about Issue 1, I am of course happy to answer those or discuss that as well. Moving to the first issue at the heart of Mr. Schoon's case regarding ineffective assistance of plea counsel. Mr. Schoon's plea counsel's ineffectiveness rendered his plea involuntary, and for that reason, his guilty plea should be allowed to be withdrawn. Beyond the three general reasons that Illinois law recognizes as reasons that are sufficient for a defendant to withdraw a guilty plea, a defendant also has the right to withdraw a guilty plea where trial counsel was ineffective during the plea process. And the Strickland two-prong approach is used to determine whether a defendant was denied the constitutional right to counsel in the guilty plea context. The first prong of the Strickland standard is the same in the guilty plea context, that Mr. Schoon must show that his counsel's performance fell below the objective standard. The second prong, the prejudice prong, requires that Mr. Schoon show that but for counsel's defective performance, he would not have pled guilty. I have some questions I'd like to raise about this and just make sure my understanding is correct. The defendant was arrested in this charge and appeared before the court on Wednesday, November 22, 2023. Is that correct? Yes. Okay. And that's when the court appointed the public defendant to represent him. The state filed a petition to deny pre-trial release. And the court set the detention hearing for the following Monday, five days later. Is that correct? Yes. And it was only later the same day on Wednesday, November 22, 2023, that the case was recalled when defendant's counsel informed the trial court that the defendant was prepared to plead guilty? Yes. That plea agreement had been reached. Is that correct? Yes, that's correct. So my first question is, had that not occurred, when would defendant have his next opportunity to be released from custody? Would it be Monday? Yes. If your honor is referencing, had the plea agreement not occurred or the plea hearing not occurred that same day.  If that plea agreement was reached, nothing was going to happen in this case until the following Monday, and your client was going to be in detention. Is that correct? Yes, that would have been the next opportunity for him to be released at the detention hearing. Okay. If I understand correctly, one of your primary claims is that the defense attorney misled your client because he, your, as a lawyer, led your client to believe that he would not get out of jail if he didn't plead guilty on the day he did until at least the following Monday. Is that correct? Well, Judge, the misleading or the misadvice, or well, the misleading statement that Mr. Schoen is alleging here today by his counsel is yes. That specifically on page 39 of the record, when plea counsel was testifying at the post plea hearing, he says that he thought it was true that what he told Mr. Schoen was that the only way to plead guilty, or I mean, I'm sorry, the only way to get out of custody was to plead guilty. And in the context of the fact that he could get out of custody that Wednesday, he might also on Monday, depending upon what the trial court did, but his only way out of custody for those five days was to plead guilty. Isn't that true? In the context of the fact that the Pretrial Fairness Act had just gone into effect and Mr. Schoen had the right to that detention hearing on the following Monday without the advice that he could potentially get out of custody at that detention hearing, that the state's burden, it was the state's burden to keep him in custody and not defendant's burden to show that he should be released. Without that advice, the statement that the only way to get out of custody is to plead guilty is misleading enough to have been sufficient for defective representation that led Mr. Schoen to plead guilty because he did not know. Wasn't counsel's statement to the defendant that the only way to get out of jail today is to plead guilty? In the testimony of plea counsel at the post plea hearing, he multiple times indicates that he doesn't remember exactly what he says to Mr. Schoen. But yes, there is the qualifying statement of today. That is the only way to get out of custody today. However, isn't that true? Had that not been a plea agreement, he's going to be in jail for at least the next five days. Isn't that right? Yes, Judge. However, Mr. Schoen was not aware or was never informed by his attorney that he had the opportunity to be released from custody pending trial. The issue is that he was under the impression he would be in custody through trial, not through Monday, through trial. Well, how about, was he asked, is there any testimony in this case about what he thought a detention hearing was? When the court says I'm going to have a detention hearing Monday, what did your client think that meant? No, Judge, there is no testimony on the record as to what Mr. Schoen thought about that detention hearing. And that specifically relates to issue three of the opening brief and post plea counsel's duties under rule 604 D and post plea counsel's failure to develop that claim. So, yes, if this court were to decide that there is not enough information on the record because Mr. Schoen did not establish what he thought about that detention hearing or what counsel told him or failed to tell him and why that induced him to plead guilty or why he would not have pled guilty on that day. It's because post plea counsel failed to develop that in the post plea hearing. The rule 604 D requires that anyone and case law since then has established that any facts that are alleged in the post plea motion that are not found on the record must be supported by some kind of evidentiary support. Counsel, before you go into that portion of your argument, if we can go back a little bit, one of the other arguments with regards to plea counsel related to the failure to investigate facts and advice him of any defenses. And one of those defenses that you appear to be claiming under issue one is the defense of property. One of my questions, though, is how is there a defense of property claim if the defendant and the victim were co-owners? Judge, the potential for a defense of property claim would and any other issues that could come up from that specifically relating to them being co-owners or what other issues could be argued would be further discoverable if more evident if through more discovery and the discovery process. But when you're evaluating that and with regards to the first issue you've raised in your brief. Explain to me how there is a justice landed. We can't hear you. Try again. Let's see if we can hear you. Can you hear me now? Yes. Excellent. Counsel, I guess, following up on that, though. And it relates to the 1st issue that you spend some time on in your brief. If by law, there's no way to raise a defense of property claim with the 2 owners, what would there be to investigate? Well, there would be additional additional claims or defenses to investigate here as indicated by post plea counsel on page 22 and 23 of the record indicated that. Is there a can there be a defense of property claim if the defendant and the victim or co-owners. That that defense of property claim could still be potentially argued at trial potentially based on what other evidence may have been discovered through the discovery process as well as based on. Not limited to the defense of property claim, while the defense of property claim is not a strong 1. It could have been presented at at trial, even if it is not a strong claim, it could have been presented. However, there are other. Claims that post plea counsel made in the post plea motion, specifically related to Mr. Shown's actual innocence claim or other affirmative defenses and post plea counsel indicated there was a question about the alleged victims credibility. And additionally, in the factual statement read by the state at the post plea hearing. The factual statement indicates that the incident occurred a day prior to the alleged victim calling the police. So at a trial, a competent defense attorney could absolutely challenge the injuries that she described to the police when they occurred, how they occurred. It doesn't appear from the record and the factual basis that was given that any other witnesses were present to the alleged event. So there are several ways that it could have been challenged at trial or that an affirmative defense could have been raised. And there's simply not overwhelming evidence on the record that Mr shown would have been found guilty or that he would have been unreasonable in going to trial or that he has developed some form of a defense that would be plausible at trial. It's difficult for him to further develop that defense based on what's on the record and based on post plea counsel's failure to further develop the arguments that were in the motion to the amended motion to withdraw guilty plea. But even with what we have on the record, there is enough to establish that it would have been reasonable for Mr shown to go to trial and to challenge the alleged victim statements and what occurred here. When analyzing whether counsel's representation was deficient, the court should judge the reasonableness of counsel's conduct on facts and the circumstances of the particular case. Of course, at the time of that alleged misconduct and here, going back to the time of when this occurred, right? There's another comment by the trial court. Now, this is after during the post plea hearing process on page 54 of the record where the court indicates that if Mr shown was successful, the state would seek to file another detention petition, which would result in Mr shown being in custody up through and including trial. So it's it's reasonable here under the circumstances of the case that by advising the only way you can get out of custody is to plead guilty and not advising of the further facts and the further procedures and rights that Mr shown had under the pretrial fairness act. And in addition, the comments that are made by the court just seems the general sentiment was that. A detention hearing does not necessarily indicate that Mr shown was going to get out of custody, or he did not realize or know that a detention hearing would be an opportunity for him to get out of custody. He was under the impression that he would be in custody through that trial process. And really, though, because I'm looking at the transcript and he told the judge at that initial hearing that he needed to get out of jail because he had a job and had to provide for his kids. And the court said, we'll deal with that on Monday. So, isn't that the court telling him we're going to have a hearing on Monday and we'll determine if you're detained or not. It would be up to trial counsel to further or for plea counsel to further explain that to Mr shown that what we'll deal with that on Monday means again, it's very reasonable based on the. The fact that the pretrial fairness act had just got into effect that there were many that there was at least 1 other reference on the record to the trial for indicating this would be custody through trial. That that just that statement of we'll, we'll deal with that on Monday, or we'll see you on Monday is not enough to show that Mr shown would have known that he had the right to that hearing. And then again, if the issue here is that there's not enough on the record to show that Mr shown didn't know or what he did or did not know at the hearing, then that goes back to post plea counsel's failure to comply with rule 604 D. There are several claims that post plea counsel made in the post plea, the amended motion to withdraw guilty plea. For example, paragraph 1 is an actual innocence claim that was not fully developed by post plea counsel or not developed at all. Actually, there was no argument or no evidence presented regarding that claim at all. So we don't know what the actual elements of the actual innocence claim for Mr shown would be on paragraph 6. We have the claim that Mr shown was not advised about his options under the pretrial fairness actor about his right to the hearing. But again, we have no evidentiary support for that claim in the motion. It was not supported. There's an affidavit that's a boilerplate affidavit, but it does not establish what counsel told Mr shown what Mr shown believed that Mr shown was not advised about his options under the pretrial fairness act or any of those further claims. Again, paragraph 8 indicates that Mr shown pled guilty upon that advice of counsel that pleading guilty was the only way to get out. And again, the affidavit doesn't support that claim, nor did post plea counsel present sufficient evidentiary support for that. And post plea counsel could have called Mr shown to the stand to testify to that. And in fact, on page 21 of the record, we see the post plea hearing at the very end of the first post plea hearing. Post plea counsel was prepared to rest without presenting any evidence whatsoever. Post plea counsel was going to submit argument and no evidence. And it was the trial court that continued the hearing in order for plea counsel to be present and testify about what happened. We additionally have the paragraph 10 in the post motion by May. Wouldn't you say the defendant was given a full and fair opportunity to be heard by the trial court then? No, judge, not in this case, based on post plea counsel's failure to fully develop those claims and failure to present any additional evidentiary support as to those claims. In some no one claim made by post plea counsel in the amended motion to withdraw guilty plea was fully developed, and this requires remand for new post plea proceedings. The reason that there's any counter argument that could be made as to plea counsel's ineffectiveness is because post plea counsel failed to fully develop the claims that he made in the post plea motion. And that is the reason that Mr shown requests that his case be remanded for the new post plea proceedings. In conclusion, the core issue of this case is the assistance of counsel at the plea stage or at the post plea stage. Mr. Shown's plea in this case was rendered involuntary by his plea counsel's ineffectiveness. And for that reason, he should have been permitted to withdraw his guilty plea. Even if this court does not agree, however, that plea counsel was ineffective or that there's not enough evidence on the record to establish that. Mr. Shown asks this court to remand his case for new post plea proceedings and strict compliance with rule 604 D. So that his claims of error can be presented properly to the trial court with the proper evidentiary support. Thank you. Thank you, counsel. Is that correct? That's perfect. Thank you. Good afternoon. Defendant has elected to focus on issues two and three of her brief. But I believe that the first issue is relevant to those contentions of counsel's performance. So I'm going to briefly explain why the defense central to the arguments here is without merit and address the first issue before discussing the second and third. The first issue defendant alleged is that he should have been allowed to withdraw his guilty plea because he had the valid defense of defensive property. But he did not have this defense available to him under the facts. The factual basis provided the defendant struck his girlfriend with a closed fist and bit her. Defendant later sought to withdraw his guilty plea because he claimed he shared title to the car the victim told police defendant stole. Apparently, after striking and biting his girlfriend, defendant was able to pull her out of the driver's seat and flee in the car they jointly own. When she spoke with the police, the victim did not mention defendant was also the owner of the vehicle. The statute that governs the affirmative defense defendant claims he's entitled to provides that a person can only use reasonable force to prevent another's criminal or tortious trespass. Furthermore, that person cannot be the aggressor. Defendant bears the burden to demonstrate the necessity of withdrawing the plea and must show a manifest injustice under the facts involved. Justice would not be served here if we allow defendant to withdraw his guilty plea to bring a defense unsupported by law or fact. Your defendant did not have any likelihood of success of bringing a claim of defensive property where the victim had legal authority to exercise control over the property and defendant was the aggressor. Defendant did not produce a defense worthy of consideration and his claim of defensive property is so far removed from the reality that was presented at trial that the trial court at the plea. The trial court had no choice but to find it unworthy of further consideration. It was proper for the trial court to consider whether there existed a defense to apply to the factual basis and then reach a conclusion. Turning to the second issue, defendant argues that the trial court abuses discretion because plea counsel was ineffective for two reasons. First, by providing inadequate information about the Pretrial Fairness Act and second, by not informing him of the defense of defensive property. Regarding the Pretrial Fairness Act, defendant alleged in his motion to withdraw that he was never informed of his rights under the new act, so counsel was ineffective. The record makes clear that after the people filed the petition to deny pretrial release, defendant was informed by the trial court that his next court date a few days later would determine when his pretrial detention would end. Then, due to defendant's plea agreement, he was able to be released from custody before the hearing on the petition could take place. Later, plea counsel testified that he actually did discuss the Pretrial Fairness Act and how it was the people's burden to show that defendant needed to continue to be detained. During that same discussion, plea counsel informed defendant of a possible plea agreement that would allow him to be released that day. Otherwise, defendant would have to wait five more days to have his detention hearing. Defendant alleges counsel was ineffective for providing defendant with inadequate information about whether to proceed to the hearing, but that is refuted by the record. No inadequate information can be identified, and defendant clearly just wanted to get out of jail that day, as was his decision to make. Plea counsel's advice to defendant was not objectively unreasonable. He discussed the PFA and how the people would have to prove a number of things to prevail. Plea counsel accurately advised defendant of his options. They were to wait until the hearing a few days later, or to take the plea for probation and get out that day. Therefore, no deficient performance can be found. But ultimately, defendant cannot show prejudice because the record makes clear that defendant would not have waited until the pretrial hearing anyway. He stated he had a job and wanted to get out of jail as quickly as possible. It's clear from the record that defendant would have taken the plea deal to guarantee his release that day, no matter what defense counsel told him. Second, as argued previously, defendant did not have a valid defense of property claim. Defendant would have been aware that he jointly owned the vehicle with the victim at the time he pled guilty. He should not be allowed to claim he was prejudiced and would have insisted on trial had plea counsel discussed the affirmative defense. And as mentioned in my brief, defendant failed to raise his contention in his motion to withdraw, thereby forfeiting this issue for review. Defendant also argues, failing to raise this issue, but possibly counsel did raise more meritorious issues of counsel's ineffectiveness and was likely unable to find support in the record or law that counsel was ineffective for not bringing a defense of property claim because such a defense was clearly unavailable to defendant. Turning to the third issue, the record does not rebut the Rule 604D certificate in this case. According to Rule 604D, counsel must make any amendments to the defendant's motion adequate for the presentation of any defects in the proceedings, examine the report of proceedings in the guilty plea, and support additional factual allegations by an affidavit. And unless the record clearly undermines the certificate, the only consideration of Rule 604D compliance is the certificate itself. Here, post-plea counsel clearly reviewed the record and amended the motion to withdraw, attached to which was an affidavit to support the additional allegations in the amended motion, and also attached was the title to the vehicle involved in the dispute. Defendant takes issue with post-plea counsel's failure to specify how his plea was induced by the misadvised counsel, but defendant does not specify what this information was, beyond speculating that defendant should have testified at his motion hearing that he would not have pled guilty. But post-plea counsel did attach an affidavit from defendant swearing that the facts in the amended motion were true, which laid out these contentions, therefore providing the information defendant claims as missing. What additional information defendant could have been able to testify about is unclear, but it hardly would have offered any additional support for the claims brought forth. Therefore, the record here in no way undermines the Rule 604D certificate. In conclusion, the people asked this court affirm defendant's conviction and sentence. Is there any questions I can answer at this time? I see none. Thank you, counsel. Ms. Grigsby, on behalf of the appellant, you may make a rebuttal argument, but you need to open up your mic. Thank you. The state's assertion in its argument that Mr. Schoen would have clearly taken the plea agreement here, no matter what counsel would have told him that day, is assuming facts that aren't on the record, and assumes information that was not testified by Mr. Schoen and was not presented on the record, similar to how the trial court improperly assumed or filled in gaps on the record when deciding the amended motion to withdraw guilty plea. On page 58 of the record, the trial court, in deciding the amended motion to withdraw guilty plea, in commenting about counsel's effectiveness, the court says that it was sure that plea counsel discussed the available defenses and discussed the facts whenever discussing whether or not Mr. Schoen should accept the plea agreement. But the record does not support what the trial court found, and the record actually supports the opposite of that. Multiple times, plea counsel indicated he did not remember what he told Mr. Schoen, but plea counsel did indicate that this was a unique circumstance where the state was offering this plea agreement before proceeding to a detention hearing. He recalled that it was in the first dozen or so Pretrial Fairness Act cases, and recalled that he did tell him that the conversation was limited to the plea agreement and whether he would get out of custody. So, assuming that Mr. Schoen would have taken that plea agreement, regardless of what counsel stated, simply because he indicated on the record that he had children and wanted to get out of jail, is not sufficient. Had he known that he had the opportunity and the burden that the state had to keep him in custody come Monday, just a few days later, it's very reasonable that he would have waited until that detention hearing to decide to plead guilty. Counsel, I have just one question about all this still. Before we got on this wonderful court, all of the panelists here were trial judges and have had decades of experience with criminal cases. It seems to me like this defendant got a hell of a deal. He got to be able to say, plead guilty now. And, you know, you got this good disposition. You get out of jail. And it seems to me like he benefited greatly compared to my experience, and I suspect my colleagues' experience, on keeping someone in jail for a long time while waiting for a case to be resolved. Isn't that what happened here? No, Judge, because based on the facts here, it's not clear that the state would have been able to keep Mr. Schoen in custody. There was a gap of days or at least a week between the alleged incident occurring and Mr. Schoen being taken into custody and the complaint being filed, where there's no alleged incidents occurring in between that time. There's also indication on the record that the alleged victim asked for Mr. Schoen to be released, and that was part of the reason why the state was proceeding with that offer on that day. So, no, this is not a situation where Mr. Schoen just didn't like the sentence that he received. After getting out of custody or after taking that plea, he immediately came back with the motion to withdraw, indicating that had he known he would have had more time to prepare a possibility to get out of custody, he would have done so and he would have waited. Beyond specifying that, the state's assertion that the prejudice prong of the ineffective assistance of counsel standard was not met simply because the defense of property is not strong enough is not the standard that this court should look at. There are other plausible defenses or other plausible challenges that can be made at trial, which has been described here during argument today. The alleged victim's injuries were not reported on the same day that they occurred. There were no potential witnesses on the record to the alleged incident, except for the alleged victim and Mr. Schoen. There's credibility issues that could be challenged, as well as issues as to whether the incident even occurred. And that's what the interview. I'm sorry. You say there's a question as to whether it even occurred. Weren't there photographs of her? I'm pretty sure there were. Sorry, did not mean to interrupt. Not presented to the trial court. The state indicated that there were photographs, but we don't know what they were. If they were what pieces of the body they were photographed. We don't know. We know that there were photographs, but none that were ever shown to the trial. Thank you. Thank you, counsel. The court will take this matter under advisement and issue a decision in due course. And you stand in recess.